UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JEANNE CHANTAL DEUSSOM,<br>*Plaintiff*,<br><br>v.<br><br>KRISTI NOEM, *et al.*<br>*Defendants.* | No. 1:25-cv-00404-MSN-IDD |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. ECF 8. Plaintiff asks this Court to compel Defendants to adjudicate his application for asylum. ECF 1 at 1. However, Plaintiff does not refute that Defendants approved his application for asylum on June 16, 2025. ECF 9-1. For that reason, and the reasons that follow, this Court will GRANT Defendants' motion to dismiss and DISMISS Plaintiff's complaint.

### I.   BACKGROUND

####   A.   Factual Background[1]

Plaintiff is a citizen of Cameroon. ECF 1 at 3. He was admitted into the United States on a B1 visitor visa and filed a claim for asylum in August 2019. *Id.* His asylum application was transferred to the Arlington Asylum Office for processing, and that office confirmed they received Plaintiff's application. *Id.* At least as of the time of the filing of the complaint on March 5, 2025, Plaintiff's application had not been adjudicated. *Id.* at 2. The delay in the adjudication of Plaintiff's asylum application caused him harm. *Id.* at 3.

---

[1] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of this motion. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

**B.     Procedural History**

On March 5, 2025, Plaintiff commenced this action. ECF 1. Plaintiff asked this Court to declare that Defendants actions "are arbitrary and capricious," to order Defendants to "perform their duty to act upon the asylum application," and to award him reasonable costs and fees. *Id.* at 4-5. On May 2, 2025, Defendants moved the Court to say the proceedings because it scheduled an interview for Plaintiff's asylum application on May 9, 2025. ECF 5 at 1-2. Defendants asked for the stay to "allow for adequate time for USCIS to take further action on the application." *Id.* at 3. The Court granted the stay and ordered Defendants to file a status report within one hundred and twenty (120) days after Plaintiff's asylum interview. *See* ECF 7.

On August 27, 2025, Defendants responded to the complaint with a motion to dismiss. ECF 8. Defendants argue that Plaintiff's complaint is mooted and must be dismissed because his asylum application was granted on or about June 16, 2025. ECF 9 at 2. Defendants attached to their memorandum in support of dismissal a letter that appears to grant Plaintiff's asylum application. ECF 9-1. Plaintiff is *pro se*, therefore, the Court issued a *Roseboro* notice on October 17, 2025, informing Plaintiff that he was entitled to file an opposition to Defendants' motion to dismiss within twenty-one days. ECF 12. This notice also informed Plaintiff that the Court "could dismiss the Complaint on the basis of the Motion if Plaintiff does not timely respond." *Id.* Plaintiff did not respond to Defendants' motion to dismiss, and his deadline to do so has passed. Despite Plaintiff's failure to defend jurisdiction here, the Court is nevertheless obligated to ensure that dismissal is proper even when the motion to dismiss is unopposed. *See Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416 n.3 (4th Cir. 2014).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a moving party to challenge the court's jurisdiction over the subject matter of the complaint. The moving party may either attack the complaint on its face, asserting that the complaint "fails to allege facts upon which subject matter jurisdiction can be based," or may challenge "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *White v. CMA Const. Co.*, 947 F. Supp. 231, 233 (E.D. Va. 1996) (internal citations omitted). In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir.1991). The plaintiff bears the burden of establishing the court's subject matter jurisdiction. *Trinity Outdoor, L.L.C. v. City of Rockville*, 123 F. App'x 101, 105 (4th Cir. 2005) (per curiam).

## III.    ANALYSIS

Plaintiff's case must be dismissed because it is mooted by Defendants' adjudication of his asylum application. Courts only have jurisdiction to resolve "cases or controversies," and there is no case or controversy if the litigation is moot. *Qiu v. Mayorkas*, No. 3:23CV413 (RCY), 2024 WL 329140, at *2 (E.D. Va. Jan. 29, 2024). A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (internal quotation marks, citation, and alteration omitted). Defendants' have adjudicated Plaintiff's asylum application, which is the very relief he seeks in his complaint. Without any representation from the Plaintiff contradicting these facts, the litigation is moot and the Court lacks subject matter jurisdiction to proceed any further. *See Qui*, 2024 WL 329140, at *2 (finding that the issue to compel USCIS to process an asylum application became moot after USCIS scheduled an interview on plaintiff's asylum application); *Sun v. Mayorkas*, No.

2:23-CV-00863-LK, 2024 WL 2846011, at *1 (W.D. Wash. June 5, 2024) ("Here, Mr. Sun has achieved the relief he sought, and he has not identified any further relief the Court can grant or any applicable exception to the mootness doctrine."). Therefore, Plaintiff's complaint must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss for lack of subject matter jurisdiction, ECF 8, is **GRANTED**; and it is further

**ORDERED** that all claims against Defendants in Plaintiff's complaint are **DISMISSED.**

The Clerk is hereby directed to close this civil action.

It is **SO ORDERED**.

/s/
Michael S. Nachmanoff
United States District Judge

February 2, 2026
Alexandria, Virginia

4